NIAGARA FIRE EXTINGUISHER CO. v. DAYTON FOLDING BOX CO.

PERFORMANCE OF CONTRACT WITHOUT AUTHORITY.

    Plaintiff desiring to perform a contract at defendant's expense, having telegraphed therefor and received message to do the work, and subsequently having written a letter emphasizing the desire for authority to perform to which defendant by letter exposes an error in transmitting plaintiff's telegram charging expense to plaintiff, has no contract without further authority upon which it can do the work and charge same to defendant.

ERROR to common pleas court.

*Reeve, Burch, Peters & Oppenheimer,* for plaintiff in error.

*C. B. Matthews,* for defendant in error.

## GIFFEN, P. J.

The original cause of action was labor and material furnished by the plaintiff, the Niagara Fire Extinguisher Company, to the defendant, the Dayton Folding Box Company, at its request, in repairing a sprinkler system theretofore sold by the plaintiff to the defendant.

The evidence shows that the plaintiff delivered to the Postal Telegraph-Cable Company for transmission to the defendant the following telegram:

"March 2d, 1905.

"DAYTON FOLDING BOX CO., DAYTON, OHIO.

"'Our man reports system frozen up through no fault of ours. Do you want us to put in order at your expense?

"NIAGARA FIRE EXTINGUISHER CO."

The telegram as received by the defendant read "our expense" instead of "your expense." To this telegram the defendant replied the following telegram:

Hamilton County.

"DAYTON, OHIO, Mar. 2d, '05.

"NIAGARA FIRE EXTINGUISHER CO., AKRON, O.

"Telegram received. Have system put in order immediately.                    "DAYTON FOLDING BOX CO."

On March 9, 1905, the plaintiff sent the following letter to the defendant:

"DAYTON FOLDING BOX CO., DAYTON, OHIO.

"*Gentlemen*: We have been expecting to receive an. order for the work which we are to do at your allagan plant. We have your telegram advising us to proceed with the work, but as considerable labor and material will be required, we would like to have an order from you authorizing us to furnish such labor and material at your expense. Please send us the order by return mail, so that the work will not be delayed.

"Very truly yours,

"NIAGARA FIRE EXTINGUISHER CO."

The defendant replied by letter as follows:

"DAYTON, OHIO, March 10, 1905.

"NIAGARA FIRE EXTINGUISHER CO., AKRON, O.

"*Gentlemen*: We are in receipt of yours of the 9th, and are very much surprised at contents of same. On March 2d you wired us as follows: 'Our man reports system frozen up through no fault of ours. Do you want us to put in order at our expense?' To this telegram we replied as follows: 'Telegram received. Have system put in order immediately.'"

Notwithstanding this letter which shows the error in transmitting the telegram of March 2, and notwithstanding the letter of the plaintiff of March 9, 1905, asking for further authority to do the work and furnish the materials, it proceeded to and did make the repairs. This evidence shows upon its face that no contract such as it averred was ever entered into.

Judgment affirmed.

**Smith** and **Swing, JJ.,** concur.